IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BERRY CONTRACTING, L.P. D/B/A BAY, LTD. | § § § | |
| Plaintiff, | § § | Case No: 2:22-cv-00166 |
| v. | § § | |
| ALON USA, LP | § § | |
| Defendant. | § § | |

## DEFENDANT ALON USA, LP'S NOTICE OF REMOVAL

Defendant Alon USA, LP ("Alon") files this Notice of Removal to the United States District Court for the Southern District of Texas, Corpus Christi Division based on the Court's diversity jurisdiction. Pursuant to 28 U.S.C. §§ 1332, 1441(b), 1446 and Local Rule 81 and hereby removes this action from the County Court at Law No. 1 of Nueces County, Texas, respectfully showing as follows:

### I. Nature of Action

1. Plaintiff Berry Contracting, L.P. d/b/a Bay, Ltd. ("Plaintiff") commenced an action against Alon styled *Berry Contracting, L.P., d/b/a Bay, Ltd. v. Alon USA, LP* under Cause No. 2022CCV-60722-1, in the County Court at Law No. 1 of Nueces County, Texas. Plaintiff asserts claims against Alon for breach of contract, negligence, and quantum meruit. Plaintiff seeks to recover more than $1,000,000 in actual damages, together with attorney's fees.

### II. Removal Jurisdiction

2. This Notice of Removal is timely filed within 30 days of Alon's receipt of Plaintiff's Original Petition and Citation pursuant to 28 U.S.C. § 1446(b). The District Clerk for Nueces County purportedly mailed a copy of Plaintiff's Original Petition and Citation to Alon's

registered agent for service by certified mail on or about June 22, 2022, which Alon's registered agent received on or about June 24, 2022. No other process, pleading or other paper with regard to the above-referenced cause has been served on Alon. Accordingly, the earliest that Alon's Notice of Removal is due to be filed is Friday, July 22, 2022. *See* 28 U.S.C. § 1446(b).

3. The United States District Court for the Southern District of Texas possesses jurisdiction by reason of diversity jurisdiction under 28 U.S.C. § 1332 and this Court is the proper Court in which to remove this action because this district and division embrace the place in which the removed action was pending. *See* 28 U.S.C. § 124(b)(6).

4. A limited partnership is a citizen of each state in which any of its individual or corporate partners resides, and a limited liability company is a citizen of each state in which any of its members resides. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079-80 (5th Cir. 2008).

5. At the time Plaintiff's Original Petition was filed, and as of the date of this Notice of Removal, Plaintiff was and is a citizen of the State of Texas for purposes of diversity jurisdiction, as set forth in Plaintiff's Original Petition, and as further noted below:

    a. Plaintiff Berry Contracting, L.P. is a Texas limited partnership with its principal place of business in Texas. On or about February 8, 2021, Plaintiff filed an Assumed Name Certificate with the Texas Secretary of State listing its assumed name as "Bay Ltd." with its principal place of business in Corpus Christi, Texas. According to the Texas Secretary of State's website, Plaintiff's general partner is Berry Operating Company, LLC. *Filing No. 14245910*.

    b. Berry Operating Company, LLC is a Texas limited liability company with its principal place of business in Corpus Christi, Texas. According to Berry Operating Company, LLC's 2021 Texas Franchise Tax Public Information Report, its officers, directors, members, general partners, or managers are the following individuals whose addresses are all listed as 1414 Valero Way, Corpus Christi, Texas: AL Berry, Keith Ackley, DW Berry, MG Berry, Rob Powers, Mike Hummell, Robin Scheuerman, Diane DeCou, and Laura Berry.

    c. Additionally, on or about April 15, 2013, Plaintiff removed a lawsuit to the Southern District of Texas in which Plaintiff represented it was a citizen of the State of Texas

for purposes of diversity jurisdiction. *See* Dkt. 1, Case No. 4:13-cv-01071, *Shea Musso v. ENI Petroleum Co., et al.*, in the United States District Court for the Southern District of Texas Houston Division at ¶ 2.

   d. Thus, Plaintiff is a citizen of Texas for purposes of diversity of citizenship. *Harvey*, 542 F.3d at 1079-80.

  6. At the time Plaintiffs' Original Petition was filed, and as of the date of this Notice of Removal, Alon was and is citizen of the States of Tennessee and Delaware for purposes of diversity of citizenship:

   a. Alon is a Texas limited partnership. Alon's limited partner is Alon USA Partners, LP and Alon's general partner is Alon USA GP II, LLC.

   b. Alon USA GP II, LLC's sole member is Alon USA Partners, LP.

   c. Alon USA Partners, LP's partners are Alon USA Energy, Inc. and Delek US Energy, Inc.

   d. Alon USA Energy, Inc. is a Delaware corporation with its principal place of business in Tennessee.

   e. Delek US Energy, Inc. is a Delaware corporation with its principal place of business in Tennessee.

   f. Thus, Alon is not a citizen of the State of Texas for purposes of diversity of citizenship. *Harvey*, 542 F.3d at 1079-80.

  7. As such, there is complete diversity of citizenship between the Plaintiff (TX) and Alon (DE/TN) in this case.

  8. Plaintiff's Original Petition seeks in excess of $1,000,000.00 in actual damages exclusive of interest and costs. While Alon does not agree that Plaintiff is entitled to such a recovery, the Petition's allegations place the amount in controversy in excess of the minimum jurisdictional limit for diversity. *See* 28 U.S.C. § 1332; *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880 (5th Cir. 2000); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999).

9. Accordingly, this Court has original jurisdiction pursuant to 28 U.S.C. §1332 and may be removed to this Court by Alon pursuant to 28 U.S.C. §1441(a).

10. Alon has complied with all applicable provisions of 28 U.S.C. §1441 and §1446, the applicable Federal Rules of Civil Procedure, and the Local Rules of this Court.

11. This Notice of Removal has been filed in the United States District Court for the Southern District of Texas, Corpus Christi Division, as it is the district and division within which the State Court Action was pending.  28 U.S.C. § 1441(a); 28 U.S.C. § 124(b)(6).

12. Pursuant to Local Rule 81, copies of all required documents are attached to this Notice of Removal as follows:

   a. Exhibit A – Index of Matters Being Filed;

   b. Exhibit B – Docket Sheet;

   c. Exhibit C – Plaintiff's Original Petition;

   d. Exhibit D – Executed Process on Alon;

   e. Exhibit E – Alon's Original Answer and Affirmative Defenses; and

   f. Exhibit F – List of All Counsel of Record.

13. Alon will give written notice of this filing as required by 28 U.S.C. § 1446(d).

14. A copy of this notice will be filed with the clerk of the County Court at Law No. 1 of Nueces County, Texas as required by 28 U.S.C. § 1446(d).

15. By removing this action to this Court, Alon does not waive any defenses, objections, or motions available under state or federal law.

### III.   Conclusion

WHEREFORE, Defendant Alon USA, LP respectfully requests that this action proceed in this Court as an action properly removed to it.

Dated: July 20, 2022

Respectfully submitted,

**BAKER & HOSTETLER, LLP**

<u>/s/ W. Ray Whitman</u>
W. Ray Whitman
Texas Bar No. 21379000
rwhitman@bakerlaw.com
Sushant Mohan
Texas Bar No. 24092847
sumohan@bakerlaw.com
811 Main, Suite 1100
Houston, TX 77002
Telephone: 713-751-1600
Facsimile: 713-751-1717

***Attorneys for Defendant Alon USA, LP***

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on all parties of record in accordance with the Federal Rules of Civil Procedure on July 20, 2022.

*Via Mail*
G. Don Schauer
dschauer@cctxlaw.com
Schauer & Simank, P.C.
615 N. Upper Broadway, Suite 700
Corpus Christi, Texas 78401-0781
(361) 884-2800 (Telephone)
(361) 884-2822 (Facsimile)
*Counsel for Plaintiff*

<u>/s/ W. Ray Whitman</u>
W. Ray Whitman

4865-1131-1914.1